UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
August 11, 2016
David J. Bradley, Clerk

| | | |
|---|---|---|
| United States of America, | § | |
| Plaintiff, | § | |
| versus | § | Criminal Action H-09-425-1 |
| Oliver Nkuku, | § | |
| Defendant. | § | |

# Opinion on Vacatur

1.  Oliver Nkuku has moved to vacate his sentence. He says his attorneys gave him ineffective assistance and that the court improperly terminated his counsel before sentencing.

2.  On July 22, 2009, Oliver Nkuku was indicted for his involvement in a scheme to defraud Medicare. On August 3, 2009, Okey O. Dike represented him at arraignment. On August 31, 2009, Letita D. Quinones substituted for Dike. On November 17, 2009, the court allowed Quinones to withdraw as counsel because Nkuku had told her that he hired Ron Waska to represent him.[1] Later he told the court that Waska did not represent him. On January 10, 2010, the court reappointed Quinnones.[2] At Nkuku's prompting the court set his re-arraignment for July 1, 2015. At that hearing, he told the court that he did not want to accept a plea agreement; he said he wanted a jury trial.

    On July 9, 2010, a jury convicted him on all counts. At trial, the evidence showed that Nkuku could afford to retain an attorney. On November 8, 2010, the court vacated Quinones's appointment. Nkuku's sentencing was set for November 29, 2010. Quinones filed an eight-page memorandum to aid the court in calculating his

---

[1] Conf. Tr. vol. 1, 6, Jan. 11, 2010, ECF No. 265.

[2] Id. at 32.

sentence and moved for a downward departure. At sentencing, Quinones appeared and was reappointed as counsel.[3] The court sentenced Nkuku to 120 months for each count of conviction, three years of supervised release, and $453.112.10 in restitution.

On December 9, 2010, the court appointed Cynthia Jean-Moore as his appellate counsel. On December 23, 2010, Thomas S. Berg substituted for Jean-Moore. On February 17, 2012, the Court of Appeals affirmed his conviction and sentence.

3. Now, Nkuku says that he was denied effective assistance of counsel because his lawyer at trial, Quinones:

    A. Did not negotiate a plea agreement with the government;
    B. Did not tell him about any plea agreement offers;
    C. Prematurely terminated a plea agreement sessions with the government;
    D. Did not object to or impeach Jonathon Bergey's testimony; and
    E. Did not tell the jury that the government misrepresented an exhibit used during Bergey's testimony.

4. Quinones ably represented Nkuku.[4]

    A. She negotiated a plea agreement with the United States of America, and Nkuku – initially – agreed to it. At his rearraignment, he told the court that he changed his mind.[5] His choice does not detract from the effective assistance by Quinones.

    B. During Bergey's cross examination, she showed that he did not know which billing company or forms Nkuku used and explained that the forms used

---

[3] Hear. Tr. vol. 1, 2-3, Nov. 29, 2010, ECF No. 266.

[4] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

[5] Hear. Tr. vol. 1, 3, Jul. 1, 2010, ECF No. 254.

during direct examination were not necessarily the forms submitted by Nkuku.[6] Nkuku's claim that this testimony went unchallenged is untethered to reality.

6. Nkuku says that the district court erred in terminating Quinones three weeks before to his sentencing and by not continuing his sentencing date to give him time to hire another attorney.

7. Although Quinones did not appear as an appointed attorney under the Criminal Justice Act, she did ably represent Nkuku before and at his sentencing – the United States simply just did not pay her. The court did not err in allowing her to represent him. She:

    A. Understood the nature and extent of his crimes because she represented him during the jury trial;

    B. Objected to the sentencing investigative report;

    C. Submitted a memorandum to aid in sentencing;

    D. Asked the court for a downward departure; and

    E. Appeared on his behalf at his sentencing.

8. Nkuku also says that he was denied effective assistance of counsel because his appellate lawyer, Berg, did not present these points in his appeal:

    A. An ineffective assistance claim because Quinones did not object to or impeach Bergey's testimony;
    B. A claim that the district court failed to explain his imposed sentence; and
    C. That his owed restitution was improperly calculated.

---

[6] Trial. Tr. vol. 3, 379, Jul. 7, 2010, ECF No. 268.

9.  Berg ably represented Nkuku. He has not shown that Berg's representation was deficient so that the outcome of his appeal would have been different had the appellate court been presented the claims of Quinones's ineffectiveness and the court's lack of explanation at sentencing.

    A.  A review of the transcript from both his trial and sentencing, makes clear that a reasonable attorney would not present these claims because they are wholly without merit – Quinones did respond to Bergey's testimony, and the court explained his sentence at length when it was rendered.

10. Nkuku's claim that his restitution was miscalculated is not cognizable in this type of proceeding because, even if the court erred and Berg should have appealed it, it is not a claim relating to unlawful custody.[7]

11. Nkuku's motion to vacate will be denied.

12. A casual review of the record would have revealed these gross defects; instead, it was remanded for the convenience of the appellate court in derogation of the rules.[8]

Signed on August 10, 2016, at Houston, Texas.

                                          Lynn N. Hughes
                                          United States District Judge

---

[7] *United States v. Segler*, F3d 1131, 1137 (5th Cir. 1994).

[8] Rules Governing § 2255 Proceedings, Rule 4(b).